IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD LYNN WHITE | § | |
| v. | § | CIVIL ACTION NO. 6:09cv502 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Richard White, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

While was convicted of one count of first-degree aggravated assault and one count of second-degree aggravated assault, receiving concurrent sentences of life in prison and 20 years in prison. He pleaded guilty to these charges and was sentenced by the trial court. On direct appeal, White's counsel certified that there were no non-frivolous grounds for appeal, and the Twelfth Judicial District Court of Appeals determined that there was no reversible error in the record. The Texas Court of Criminal Appeals denied discretionary review. White also sought state habeas corpus relief, which was denied.

In his federal habeas petition, White says that he received ineffective assistance of counsel and that as a result, his plea of guilty was involuntary. The Magistrate Judge ordered the Respondent to answer the petition, and an answer was filed. White filed a response to the answer. The Magistrate Judge also received copies of the state court records.

1

After review of the pleadings, the Magistrate Judge issued a Report on June 22, 2010, recommending that the petition be dismissed. The Magistrate Judge concluded that: counsel did not promise that White would receive a more lenient sentence if he agreed to be sentenced by the trial judge, but simply advised him that he believed that White would be better off to do so; White testified that he was pleading guilty because he was guilty, without a plea agreement, that he understood that the Court would set sentence within the range of punishment for each offense and he would not be able to withdraw his plea just because he was dissatisfied with the sentence he received; White further testified that no one had threatened him or promised him anything to get him to plead guilty; White's claim that counsel was ineffective for failing to pursue a plea agreement was procedurally defaulted and lacked merit; and White's plea of guilty was not involuntary. The Magistrate Judge also recommended that White be denied a certificate of appeal.

White filed objections to the Magistrate Judge's Report on July 6, 2010. In his objections, White says first that counsel told him that "if you throw yourself upon the Court's mercy, you'll have a better chance in this county." White argues that this was not a "prediction," but was "advice" from his trial counsel; because this "advice" was erroneous, White asserts that counsel's assistance was ineffective. White says that counsel told him to say no when he was asked if he had been threatened or promised anything, and that the Magistrate Judge's recommendation is "a denial gearing strictly toward suspending the great writ of habeas corpus while depriving the criminal accused of the basic full and fair constitutional review."

White argues that his claim that counsel did not approach the State for a plea agreement was raised in his state habeas petition and was not procedurally defaulted. He says that this is a "clear illustration" of how trial counsel acted solely on the premise of obtaining a conviction and not taking him to trial.

Finally, White maintains that his plea of guilty was based on promises and threats from counsel that he could get a life sentence if his case went to trial, and that "an expectation of leniency

as promised by trial counsel" is the heart of the case, because without this promise, he would not have pleaded guilty.

White's objections are without merit. As the Magistrate Judge determined, White did not receive a promise of leniency in exchange for a guilty plea; rather, counsel advised him that in his view, White would be better off being sentenced by the trial judge rather than a jury. This is not a specific promise such that the failure to carry it out renders the guilty plea involuntary. Bond v. Dretke, 384 F.3d 166, 168 (5th Cir. 2004), *citing* Daniel v. Cockrell, 283 F.3d 697, 703 (5th Cir. 2002). White's statements in the guilty plea proceeding are accorded a strong presumption of verity, placing the burden upon him to overcome his own sworn statements. Blackledge v. Allison, 431 U.S. 63, 74 (1977); DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). White did not meet that burden in this case.

Although White argues that his claim regarding counsel's failure to seek a plea agreement was not procedurally defaulted, the Magistrate Judge correctly determined that White did not present this claim in his direct appeal or his state habeas proceeding. In addition, the Magistrate Judge correctly determined that this claim lacked merit on its face. White's assertion that he pleaded guilty due to a "promise" of leniency which was breached is without merit because, as explained above, no specific promise was made to him, and he testified at the plea proceeding that no promises had been made to him to induce a plea of guilty and that he was pleading guilty because he was guilty.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Richard White is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 16th day of August, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE