IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD LYNN WHITE | § | |
| v. | § | CIVIL ACTION NO. 6:09cv502 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING PETITIONER'S MOTION FOR RECONSIDERATION

The Petitioner Richard White, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

White complained that he received ineffective assistance of counsel and that as a result, his plea of guilty was involuntary. He says that counsel advised him to throw himself on the mercy of the court and that he would have a better chance being sentenced by the judge rather than the jury, counsel made no effort to seek a plea bargain, and White and his attorney argued continuously about whether to go to trial or plead guilty, but counsel's insistence that White should plead guilty because the trial court would be lenient wore him down. The Magistrate Judge concluded that White's complaint that counsel did not seek a plea bargain was procedurally defaulted and did not state a valid ground for habeas corpus relief, and that the remainder of his claims lacked merit. White filed objections, but these were overruled and final judgment was entered on August 16, 2010.

On August 30, 2010, White filed a motion for reconsideration. This motion argued that counsel "made a promise" that the trial court would be lenient if he pleaded guilty, that counsel told

1

him that "the DA can get a life sentence if you go to trial," that counsel stood by him at the plea proceeding and coached him as to what to say, and that he could have received a lesser sentence from a jury had he been able to present his version of events.

After review of this motion, the Magistrate Judge recommended that it be denied. The Magistrate Judge stated that a plea can be involuntary if the defendant receives a clear and unequivocal guarantee of a lesser sentence, which guarantee is not fulfilled, but that a "mere understanding" that he will receive a lesser sentence in exchange for a guilty plea will not abrogate the plea should a heavier sentence be imposed. The Magistrate Judge concluded that the counsel's statements that White would be better off being sentenced by a jury was not a guarantee but gave rise to a "mere understanding" of a lesser sentence. Furthermore, the Magistrate Judge said, White did not show the exact terms of an alleged promise, exactly when, where, or by whom the promise was made, or the precise identity of any eyewitnesses to the promise, as required by the Fifth Circuit in DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Instead, White asserted that counsel told him that he would be better off being sentenced by the judge than by the jury; this is not a specific, firm sentencing agreement or arrangement, but simply a "prediction or statement of probability." *See* Harmason v. Smith, 888 F.2d 1527, 1529 (5th Cir. 1989). Thus, the Magistrate Judge recommended that White's motion for reconsideration be denied.

In his objections to the Magistrate Judge's Report, White says that he had "the understanding provided by his counsel that the trial court would be lenient on him if he threw himself on the mercy of the Court, plead guilty to both felony charges without benefits of a plea bargaining agreement, and after waiving his constitutional right to a fair and impartial jury." He says that this "led to his demise" when the trial court did not consider his acceptance of responsibility nor a plea for leniency from defense counsel. He says that the trial court "was probably not even aware" that it was to assess a lesser punishment as advised by counsel.

Instead, White says that counsel told him "if you go to trial, the prosecution could get a life sentence on you," and asked him "do you know what county this is." He says that these comments

2

are not "components of an informed opinion," but are "cop-out tactics" used to undermine and misrepresent the criminal trial procedures. He accuses counsel of lying to him, which led to his foregoing his right to a jury trial and "entering his solicited plea of guilty which instead of desired result of restoring hope after a wrong had been committed, stole a life where no life had been taken."

As in his earlier pleadings, White fails to point to any specific promise or guarantee given to him by defense counsel. The statement that "if you go to trial, the prosecution could get a life sentence on you" is accurate, since White was charged with a first-degree aggravated assault carrying a sentencing range of five to 99 years or life. The prediction that the judge would be more lenient than a jury and that White would "have a better chance" being sentenced by the judge was simply an prediction or opinion, and White acknowledges that it gave rise to "an understanding" that he would receive a lesser sentence. The Fifth Circuit has held that "a mere understanding" of a lesser sentence will not abrogate the plea in the event that a lesser sentence is not received. Harmason, 888 F.2d at 1529; *see also* Cooley v. Whitley, 35 F.3d 560 (Table), 1994 WL 499752 (5th Cir., August 25, 1994) (availability of habeas corpus relief turns on whether the petitioner's guilty plea was induced by a promise regarding the length of his sentence or by a mere understanding, prediction, or estimate of the time to be served).

The sentencing hearing reveals that White testified that he understood that he was pleading guilty without a plea agreement, that he was aware of the range of punishment, that he knew that he could not withdraw his plea merely for disagreement with the sentence received, that he was pleading guilty "because I'm guilty," and that no one had threatened him or promised him anything in order to secure his guilty plea. As the Magistrate Judge said, these solemn declarations in open court carry "a strong presumption of verity." White has offered nothing to show that he was given a clear and unequivocal guarantee of a lesser sentence, and the mere predictions which he received are insufficient to show that his guilty plea was involuntary or should be set aside. The Magistrate Judge correctly recommended that White's motion for reconsideration be denied, and White's objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for reconsideration of the final judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge (docket no. 23) is ADOPTED as the opinion of the District Court. It is further

ORDERED the Petitioner's motion for reconsideration of the final judgment (docket no. 22) be and hereby is DENIED.

**SIGNED this 8th day of December, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE