IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

RICHARD LYNN WHITE                     §

v.                                     §          CIVIL ACTION NO. 6:09cv502

DIRECTOR, TDCJ-CID                     §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT

The Petitioner Richard White, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

White was convicted of first-degree aggravated assault and second-degree aggravated assault, for which he received concurrent sentences of life imprisonment and 20 years in prison.  He asserted that he received ineffective assistance of counsel and that as a result, his plea of guilty was involuntary.  Specifically, White contended that his attorney, Donald Davidson, advised him to "throw himself upon the mercy of the court" and told him he would have a better chance getting sentenced by a judge rather than a jury, that counsel made no effort to seek a plea bargain, and that he and his attorney argued continuously about whether to go to trial or plead guilty, but that counsel's insistence that White should plead guilty because the trial court would be lenient wore him down."

After review of the pleadings and state court records, the Magistrate Judge recommended that the petition be dismissed, concluding that the statement by counsel that White would be better off

1

was an opinion, not an unfulfilled specific promise justifying the setting aside of the guilty plea, the

failure to pursue a plea bargain was unexhausted and did not state a valid ground for habeas corpus

relief in any event, and that White's plea was not involuntary.  White filed objections to the Report

of the Magistrate Judge, but these were overruled and final judgment was entered on August 16,

2010.

On August 30, 2010, White filed a motion to alter or amend the judgment under Rule 59(e),

Fed. R. Civ. P.  This motion was denied on December 8, 2010.  The district court again held that the

statement by White's counsel was an opinion, not a specific, firm sentencing agreement or

arrangement, and that a "mere understanding" of a lesser sentence in exchange for a guilty plea did

not set out a basis for habeas corpus relief.  White filed an appeal after the denial of the Rule 59

motion, but on July 1, 2011, the Fifth Circuit denied a certificate of appealability, effectively

dismissing his appeal as lacking in merit.

On March 12, 2012, White filed a motion for relief from judgment under Rule 60(b), Fed.

R. Civ. P., arguing that his attorney's statements, including "do you know what county this is" and

"you could get life if the prosecution takes you to trial" and "you are not getting a probated sentence"

were "a no-holds-barred promise of leniency from the court."  He again maintained that counsel

advised him to throw himself upon the mercy of the court and stated that his guilty plea was

involuntary.  He added that the statements made to him by counsel suggested that his attorney and

the trial court had already explored the matter and that a sentencing agreement had been reached, and

that counsel was authorized to approach him with the "offer." White also contended that his appeal

had "tolled" the time period for filing a Rule 60(b) motion and that he did not authorize the

Magistrate Judge to act in his case.

After review of White's motion, the Magistrate Judge issued a Report on June 14, 2012,

recommending that the motion for relief from judgment be denied.  The Magistrate Judge observed

that White's arguments were essentially the same as those he had raised in his petition and his Rule

59 motion and that they lacked merit for the same reason.  The Magistrate Judge also determined that

White's tolling claim lacked merit and his Rule 60(b) motion was untimely.  Finally, the Magistrate Judge observed that the case had been referred under 28 U.S.C. §636(b), for which no consent was required.

White filed objections to the Magistrate Judge's Report on June 27, 2012.  These objections are primarily devoted to arguing that "for decades, Texas trial attorneys have lied to, purposefully misled their clients into believing that the court judge would assess a specific prison term within the legal sentencing guideline 2-10, 2-20, 5-99, 5-99 to life, only to negate the fact that although the sentence is justifiable under Texas law, and that the court did not have to go along with the state recommendation, and the court itself announcing that it did not have to follow the recommendation made by the prosecutor's office, once the punishment was assessed, the client was still duped."  He says that "guilty pleas in the state of Texas have been notorious for decades in sending innocent, not so guilty and guilty defendants into the belly of the Texas Department of Criminal Justice who for one reason or another followed the advise of their trial counsel, who regardless of ensuring that justice was served used his / her office and or legal training as a means to send their clients up the river for periods of time that was longer than they intended to stay once they realized that their attorney was not as truthful to them as they are bound to be under the Texas Rules of Professional Conduct enacted by the State Bar of Texas."  He complains that his attorney lied to him and that the Court is "grossly overlooking the possibility that counsel did lie."

White's rhetoric concerning Texas trial lawyers notwithstanding, he has failed to show that counsel made a "specific, firm sentencing representation," nor that he had anything more than a "mere understanding" that he would receive some sort of unspecified "leniency" from the trial court. He testified that he understood that he was pleading guilty without a plea agreement and so there was no agreed punishment recommendation by the State, and that he was pleading guilty because he was guilty and that no one had threatened him or promised him anything to do so.   Nor did White address the Magistrate Judge's conclusion that his motion for relief from judgment was untimely. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's motion for relief from judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 33) is hereby ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Petitioner's motion for relief from judgment (docket no. 32) be and hereby is DENIED.

**It is SO ORDERED.**

**SIGNED this 8th day of July, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE